Joel E. Tasca
Nevada Bar No. 14124
Lindsay Demaree
Nevada Bar No. 11949
Russell J. Burke
Nevada Bar No. 12710
BALLARD SPAHR LLP
1980 Festival Plaza Drive, Suite 900
Las Vegas, Nevada 89135
Telephone: 702.471.7000
Facsimile: 702.471.7070
tasca@ballardspahr.com
demareel@ballardspahr.com
burker@ballardspahr.com

*Attorneys for Defendants*
*Penn National Gaming, Inc., Tropicana Las Vegas Hotel and Casino, Inc., and Tropicana Las Vegas, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DUSTIN CHAPMAN, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PENN NATIONAL GAMING, INC., a Pennsylvania corporation; TROPICANA LAS VEGAS HOTEL AND CASINO, INC.; a Delaware corporation; TROPICANA LAS VEGAS, INC., a Nevada domestic corporation d/b/a Tropicana Las Vegas,<br><br>Defendants. | CASE NO. 2:17-cv-2924-GMN-PAL<br><br>**STIPULATION AND ORDER TO:**<br><br>**(1) STAY THIS CASE PENDING A DETERMINATION OF SUBJECT MATTER JURISDICTION**<br><br>-and-<br><br>**(2) EXTEND DEADLINES FOR DEFENDANTS TO RESPOND TO PLAINTIFF'S COMPLAINT [ECF NO. 1] AND MOTION TO CONSOLIDATE [ECF NO. 5] (Second Request)** |

Pursuant to LR IA 6-1 and 6-2, Plaintiff Dustin Chapman ("Plaintiff") and Defendants Penn National Gaming, Inc., Tropicana Las Vegas Hotel and Casino, Inc., and Tropicana Las Vegas, Inc. (together "Tropicana"), by and through their respective counsel of record, stipulate to (1) stay this case pending a ruling on subject matter jurisdiction in *Cabal et al. v. Caesars Entertainment Corporation et al.*, Case No. 2:17-cv-02841-APG-VCF (the "Caesars Case"), another case filed by the same

DMWEST #17506038 v4

plaintiff's counsel, and (2) extend the current deadlines for Tropicana to respond to Plaintiff's Complaint (ECF No. 1) and Motion to Consolidate (ECF No. 5, filed November 30, 2017) until after the Court makes a threshold determination of subject matter jurisdiction in the Caesars Case.

## I. Background

On November 21, 2017, Plaintiff filed the instant case against Tropicana, alleging that Tropicana improperly applied Clark County, Nevada's Combined Transient Lodging Tax to charges for internet access. Relatedly, counsel for Plaintiff has filed at least nine additional lawsuits (the "Related Lawsuits" and, together with the instant action, the "Resort Fee Lawsuits") in this District Court that assert similar claims and requests for relief against other resort defendants:

- *Cabal et al. v. Caesars Entertainment Corporation et al.*, Case No. 2:17-cv-02841-APG-VCF (filed on November 10, 2017);

- *Phelps et al. v. MGM Resorts Int'l et al.*, Case No. 2:17-cv-02848-APG-CWH (filed on November 13, 2017);

- *Martinez et al. v. Las Vegas Sands Corp. et al.*, Case No. 2:17-cv-02859-APG-NJK (filed on November 14, 2017);

- *Schnitzer et al. v. Wynn Resorts, Ltd. et al.*, Case No. 2:17-cv-02868-RFB-GWF (filed on November 15, 2017);

- *Bowes et al. v. Nevada Property 1 LLC*, Case No. 2:17-cv-02913-GMN-VCF (filed on November 20, 2017);

- *Shapiro v. Treasure Island, LLC et al.*, Case No. 2:17-cv-02930-APG-CWH (filed on November 22, 2017);

- *Inman v. Las Vegas Resort Holdings, LLC*, Case No. 2:17-cv-02950-JAD-NJK (filed on November 28, 2017);

- *DiNino v. Four Seasons Hotels Inc.*, Case No. 2:17-cv-2961-JAD-GWF (filed on November 29, 2017); and

- *Robinson v. Westgate Resorts Inc.*, Case No. 2:18-cv-95 (before Judge Dorsey) (filed on January 17, 2018).

Each of the Resort Fee Lawsuits filed by counsel for Plaintiff, including the instant case, contains similar allegations and requests for relief. Thus, each case will

likely involve a similar determination of whether the adjudicating court has subject matter jurisdiction over the action.

## II. The Requested Stay and Deadline Extensions Will Conserve Resources for the Parties and the Court

To avoid duplicative legal briefing and to efficiently address the common issue of subject matter jurisdiction, the parties to the Resort Fee Lawsuits have entered into a separate agreement (the "Agreement"), attached hereto as Exhibit 1, to efficiently determine subject matter by filing a single motion to dismiss on the issue (the "Subject Matter Jurisdiction Motion") in the first-filed case, *i.e.*, *Cabal et al. v. Caesars Entertainment Corporation et al.*, Case No. 2:17-cv-02841-APG-VCF (the "Caesars Case"). Under the Agreement, the signatory parties presently before Judge Gordon have agreed to consolidate their respective cases for the sole and limited purpose of allowing Judge Gordon determine the issue of subject matter jurisdiction in one consolidated order. On February 22, 2018, Judge Gordon granted the parties' request and consolidated various Resort Fee Lawsuits before him.[1]

Additionally, the parties in the remaining cases, including Tropicana, have collectively agreed to seek a stay of their respective cases pending a decision on the Subject Matter Jurisdiction Motion in the Caesars Case. While not binding on this Court, such a decision may nevertheless provide guidance, increase judicial efficiency, and decrease costs to both the Court and the parties. In fact, the parties have agreed to take certain actions in this litigation (as set forth more fully below) that are contingent on the outcome of the Subject Matter Jurisdiction Motion in the Caesars Case.

Thus, pursuant to the Agreement, Plaintiff and Tropicana, by and through their undersigned counsel, stipulate that:

---

[1] *See* Order Granting Stipulations (ECF No. 21), Case No. 2:17-cv-02841-APG-VCF.

1. All matters in the instant case shall be stayed pending a determination of the Subject Matter Jurisdiction Motion in the Caesars Case.

2. If Judge Gordon grants the Subject Matter Jurisdiction Motion, then Plaintiff will either move this Court for a voluntary dismissal without prejudice of the action or request a continued stay of the instant case pending resolution of any appeal of Judge Gordon's ruling.

3. If Judge Gordon finds he has subject matter jurisdiction and denies the Subject Matter Jurisdiction Motion, then Tropicana will not re-file the Subject Matter Jurisdiction Motion in this case.[2]

4. Tropicana's current deadline to respond to Plaintiff's complaint (ECF No. 1) and Motion to Consolidate Cases (ECF No. 5) is March 16, 2018. If Judge Gordon finds he has subject matter jurisdiction and denies the Subject Matter Jurisdiction Motion, then Tropicana's deadline to respond to the complaint and pending motion shall be extended to 30 days from the date that the court in the Caesars Case enters a final order on the Subject Matter Jurisdiction Motion.

These stipulations between Plaintiffs and Tropicana will permit the efficient determination of a common legal issue that exists in multiple, related lawsuits and conserve judicial and party resources. For example, in the event Plaintiff voluntarily dismisses this case, the parties and the Court may avoid needlessly expending resources to brief and determine the pending motion to consolidate. Notably, a stipulation requesting similar relief was recently granted by the Court in the Related Lawsuit of *Bowes et al. v. Nevada Property I LLC*, case no. 2:17-cv-02913-GMN-VCF (ECF No. 22).

---

[2] As noted above, the parties recognize that this Court is not bound by Judge Gordon's ruling. Nothing in this stipulation shall limit any party's ability to respond to subject matter issues raised by this Court.

Pursuant to the Agreement, filing of the Subject Matter Jurisdiction Motion does not constitute a waiver of any defense or argument and shall not preclude Tropicana from asserting any additional defenses or arguments at a later date, including, without limitation, any defenses or motions permitted by Federal Rule of Civil Procedure 12(b). These stipulations are made in good faith and not for purposes of delay.

Dated this 7th day of March, 2018.

| BALLARD SPAHR LLP | WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN LLP |
|---|---|
| By: /s/ Lindsay Demaree | By: /s/ Don Springmeyer |
| Joel E. Tasca<br>Nevada Bar No. 14124<br>Lindsay Demaree<br>Nevada Bar No. 11949<br>Russell J. Burke<br>Nevada Bar No. 12710<br>1980 Festival Plaza Drive, Suite 900<br>Las Vegas, Nevada 89135<br><br>*Attorneys for Defendants Penn National Gaming, Inc., Tropicana Las Vegas Hotel and Casino, Inc. and Tropicana Las Vegas, Inc.* | Don Springmeyer<br>Nevada Bar No. 1021<br>Bradley Schrager<br>Nevada Bar No. 10217<br>3556 E. Russell Road, Second Floor<br>Las Vegas, NV 89120-2234<br><br>Frank B. Ulmer<br>McCulley McCluer PLLC<br>1022 Carolina Blvd., Suite 300<br>Charleston, SC 29451<br><br>Joshua Taylor Ripley<br>Berger & Montague PC<br>1622 Locust Street<br>Philadelphia, PA 19103<br><br>*Attorneys for Plaintiff Dustin Chapman* |

## ORDER

In light of the above stipulation, IT IS HEREBY ORDERED that the Motion to Consolidate, (ECF No. 5), is DENIED without prejudice as moot. The Court grants the parties leave to refile the consolidation motion within thirty (30) days of Judge Gordon resolving the Subject Matter Jurisdiction question in the related case. The Court further notes that it remains under a continuing duty to independently evaluate subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). IT IS FURTHER ORDERED that, in light of the above stipulation, the parties' Stipulation, (ECF No. 16), is DENIED as moot.

DATED this 9 day of March, 2018.

_____
Gloria M. Navarro, Chief Judge
UNITED STATES DISTRICT COURT